UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS KIFLE,<br><br>           Plaintiff,<br><br>   v.<br><br>YOUTUBE LLC, et al.,<br><br>           Defendants. | Case No. 21-cv-01752-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pro se Plaintiff Elias Kifle is suing Defendants YouTube and Does 1–19 for copyright infringement and trademark infringement. See Fourth Am. Compl. (dkt. 73-1). Kifle's claims arise from YouTube's continued service to users who allegedly display Kifle's videos on YouTube without his permission. Id. at 3–4. The Court previously granted YouTube's motion to dismiss Kifle's third amended complaint, with leave to amend his copyright and trademark infringement claims. See MTD Order (dkt. 71). Because Kifle's current complaint fails to cure the deficiencies in the prior complaint, the Court GRANTS the motion to dismiss. The Court grants leave to amend the trademark infringement claim only.

**I.  BACKGROUND**

Kifle is a resident of the state of Georgia. Fourth Am. Compl. ¶ 4. He owns a satellite television channel and website titled Mereja TV. Id. Mereja TV broadcasts video news segments in the Amharic language for the Ethiopian community by live streams and pre-recorded videos. Id. ¶ 19. Until November 2020, Kifle voluntarily put his content on YouTube's platform. Id.

YouTube is an online video hosting platform where creators may upload their videos free of charge. Mot. (dkt. 76) at 4. YouTube is based in California and incorporated in the state of Delaware. Fourth Am. Compl. ¶ 5.

Between 2016 and 2020, Kifle operated a "parallel" YouTube channel that livestreamed

Mereja programming. Id. ¶ 7. The channel had approximately 2,500 videos. Id. On November 9, 2020, YouTube "abruptly terminated" a Mereja livestream airing on Kifle's YouTube channel without "any specific reason or advance warning." Id. Two days later, YouTube terminated Kifle's YouTube channel entirely, removing all the videos posted to the channel. Id.[1]

Since his channel was suspended, Kifle alleges that "over 300" of his videos have been copied from Mereja TV's website and uploaded onto YouTube's platform without his permission. Id. ¶ 14. Kifle also alleges that he has sent "over 40" advance notices of potential copyright infringement, and a trademark cease and desist letter to YouTube. See Id. ¶ 16. On October 6, 2021, the day after this Court granted the last motion to dismiss, Kifle sent YouTube an advance notice that fixed some deficiencies noted in the Court's order. See Ex. 1 (dkt. 73-1). Kifle also sent an updated "Trademark Cease and Desist Notice" email to YouTube's legal department. See Ex. 2.

On September 16, 2021, after briefing had concluded but before this Court's order, the U.S. Patent and Trademark Office ("PTO") issued an Office Action refusing to register "Mereja TV" as a standard character word mark.[2] See Ex. A (dkt. 76-2). The PTO determined that the marks were "generic in connection with the identified goods and/or service." Id.

### A. Copyright Allegations

Kifle alleges that he owns "the copyright of his works, including his live broadcast titled 'ነጭን ነጯን ከዘመዴ ጋር,' and all the content on his copyright-protected website, Mereja.tv." Fourth Am. Compl. ¶ 9. Kifle alleges that, after terminating his channel, YouTube started allowing the Doe Defendants to copy or intercept hundreds of the videos from his copyrighted website and television channel. Id. ¶ 7, 14. He alleges that "YouTube users (Defendants Does 1–19) have directly infringed at least 300 of Plaintiff's works that have been copied from his website, Mereja.tv, and

---

[1] As it would explain in a brief many months later, YouTube terminated Kifle's YouTube channel because "videos that were streamed in late October 2020 contain programs by a person named Zemedkun Bekele whose YouTube channel was previously terminated." TRO Order (dkt. 48) at 3. YouTube had suspended Zemedkun Bekele's account "for posting content that promoted violence, hate speech, and harassment." Id. Following the suspension, YouTube observed that videos of Bekele were uploaded to Kifle's channel in violation of YouTube's anti-circumvention policy. Id.

[2] This Court takes judicial notice of the PTO Examining Attorney's non-final office action, dated September 16, 2021, denying registration of Kifle's "Mereja TV" mark. See U.S. Trademark Appl. Serial No. 90531442; Fed. R. Evid. 201(b).

1  displayed on YouTube.com without his permission." Id. ¶ 7. The complaint includes images that
2  purport to identify a Doe Defendant's YouTube page that streamed his "live broadcast" content "as
3  recently as last month." Id. ¶ 22. (The complaint was filed on November 20).

4      Kifle also alleges that he has sent YouTube "48-hour advance notices" that his live broadcast
5  from his satellite channel would be simultaneously streamed but the Doe Defendants nonetheless
6  "live-streamed [the broadcasts] on YouTube.com without [his] permission." Id. ¶ 23. The complaint
7  lists the URLs of eight YouTube channels that had allegedly simultaneously streamed Kifle's
8  broadcasts without his permission. Id. ¶ 24. Kifle alleges that, in refusing to comply with his
9  advance notices, YouTube is "knowingly inflicting economic harm to Plaintiff." Id. ¶ 26.

10     Kifle also alleges that YouTube has a "repeat-infringer policy that provides for the
11 termination of users who receive 3 copyright strikes." Id. ¶ 51. But YouTube allegedly "failed to
12 implement its repeat infringer policy" against users posting Kifle's content. Id. Kifle alleges that
13 "YouTube's intentional failure to prevent Doe Defendants from live streaming [his] live broadcast
14 makes YouTube liable for contributory infringement." Id. ¶ 61.

15     **B.  Trademark Allegations**

16     Kifle alleges that he "exclusively owns the trademarks 'Mereja TV' and 'ነጮ ነጯን ከዘመዴ
17 ጋር,'" which translates to "The Facts with Zemede." Id. ¶ 10. These marks "are clearly displayed on
18 all his works and throughout his website, Mereja.tv" and thus "are distinctive marks that identify
19 [his] website, television channel, and videos." Id. ¶¶ 28–29.

20     Kifle alleges that it "is indisputable that 'Mereja TV' has achieved an unequivocal secondary
21 meaning." Id. ¶¶ 35-37. A "quick search" on various search engines shows that the mark "is
22 uniquely and distinctly associated with Plaintiff's website and television channel." Id. ¶ 35. For
23 example, a Google search for "'Mereja TV' returns 800,000 results that refer ONLY to Plaintiff's
24 website or satellite television channel." Id. Kifle also alleges that "'Mereja TV' has acquired
25 distinctiveness by becoming a universally recognized brand among its audience who speak Amharic
26 language." Id. ¶ 36.

27     Kifle further alleges that "ነጮ ነጯን ከዘመዴ ጋር" has "similarly strong secondary meaning in
28 distinctly identifying only Plaintiff's television program that is live-broadcast at least 4 times per

*United States District Court*
*Northern District of California*

3

week." Id. ¶ 37.  A "Google search for the keywords 'ነጭ ነጪን ከዘመዴ ጋር' returns 32,500 results, 100 percent of which are Plaintiff's works." Id. ¶ 37.

As with the allegedly infringing videos, Kifle alleges that he sent requests asking YouTube to remove all materials on YouTube.com that infringe on his protected marks, but YouTube continues to allow the infringement. Id. ¶ 38.  He alleges that "YouTube is liable for contributory and vicarious infringement because it allowed several repeat infringers to steal Plaintiff's trademark despite receiving valid cease and desist notices." Id. ¶ 39.

### C. Procedural History

In his Third Amended Complaint, Kifle asserted a breach of contract claim, a copyright claim, and a trademark claim. See Third Amended Compl. (dkt 56-1). YouTube moved to dismiss. See MTD (dkt. 62). The Court dismissed Kifle's contract claim with prejudice because it was barred by Section 230(c)(1) of the Communications Decency Act. MTD Order at 6. The Court dismissed the copyright and trademark claims with leave to amend. Id. Kifle then filed this complaint.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either "a cognizable legal theory" or "sufficient facts alleged" under such a theory. Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. This is not a "probability requirement," but it requires more than a "sheer possibility" that the defendant is liable: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

Courts should allow a plaintiff leave to amend unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246–47 (9th Cir. 1990). To

4

1  determine whether amendment would be futile, courts examine whether the complaint can be
2  amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the]
3  original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

### III. DISCUSSION

#### A. Copyright Claim

Kifle argues that YouTube knowingly and intentionally failed to prevent other users from infringing his live broadcasts and prerecorded videos. See Fourth Am. Compl. ¶ 46. The Court denies the copyright claim with prejudice because Kifle (again) fails to plausibly allege that he complied with 17 U.S.C. § 411, and further opportunities to amend this claim would be futile.

#### 1. Applicable Law

A plaintiff seeking to bring a copyright suit must comply with certain procedural requirements. Subject to certain limited exceptions, a copyright holder must register the relevant work before filing an infringement suit. See 17 U.S.C. § 411(a). Copyright registration "occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright." Fourth Estate Pub. Benefit Corp. v. WallStreet.com, LLC, 139 S. Ct. 881, 887 (2019). Consistent with other district courts in the Ninth Circuit, this Court holds that a plaintiff must have registered the relevant work before filing suit. See TRO Order (dkt. 48) at 9–10.

The one relevant exception to § 411(a) is the § 411(c) exception for simultaneous transmissions. Subject to certain requirements, a copyright owner may bring an infringement suit for works "the first fixation of which is made simultaneously with its transmission." See 17 U.S.C. § 411(c). To qualify for this exception, the copyright owner must (1) serve "notice upon the infringer, not less than 48 hours before such fixation, identifying the work and the specific time and source of its first transmission, and declaring an intention to secure copyright in the work," and (2) make "registration for the work," if otherwise required under § 411(a), "within three months after its first transmission." 17 U.S.C. §§ 411(c)(1)–(2).

The copyright owner must take these steps "in accordance with requirements that the Register of Copyright shall prescribe by regulation." 17 U.S.C. § 411(c). The regulations require that service of the "Advance Notice" be made "on the person responsible for the potential infringement" within

the 48-hour window. 37 C.F.R. § 201.22(e)(1). They also require that the copyright owner sign the notice with "an actual handwritten signature," though if the notice is served via email, the handwritten signature requirement "shall be considered waived" if the other service requirements enumerated in 37 C.F.R. § 201.22(e) are met. Id. §§ 201.22(d)(2), (3).

37 C.F.R. § 201.22(e) further provides that an Advance Notice may be "effected" via email only if before the "simultaneous transmission take[s] place, the person responsible for the potential infringement receives written confirmation of the Advance Notice, bearing the actual handwritten signature of the copyright owner or duly authorized agent." Id. § 201.22(e)(iii)(B). Thus, Advance Notice generally requires a handwritten signature, but not if Advance Notice is sent through email, so long as the proper recipient timely receives written confirmation of the Advance Notice, and that written confirmation includes a handwritten signature. Id.

If the § 411 procedural requirements are met, a plaintiff may state a prima facie case of copyright infringement by making two showings: "(1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." A&M Recs., Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).

To show secondary infringement (i.e., "contributory infringement" or "vicarious infringement"), a plaintiff must first "establish that there has been direct infringement by third parties." Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1169 (9th Cir. 2007). If the plaintiff can do so, they may show contributory infringement by establishing that the defendant intentionally induced or encouraged the direct infringement. See id. at 1170–71.

### 2. Application

Kifle's copyright claim is dismissed because he again failed to plausibly allege compliance with 17 U.S.C. § 411. Dismissal is with prejudice because further opportunities to amend this claim would prove futile.

#### a. Section 411

As discussed, § 411(a) generally requires a copyright holder to obtain copyright registration

before bringing an infringement action. Kifle failed to allege compliance with this requirement for any pre-recorded videos. In fact, he did not allege that he has obtained copyright registration for any pre-recorded videos. Thus, § 411(a) bars any claim based on any pre-recorded works.

Nor does Kifle satisfy the simultaneous transmission exception in § 411(c). The regulation requires that the "Advance Notice" be served on the "person responsible for the infringement." 37 C.F.R. § 201.22(e)(1). As in his previous complaint, Kifle alleges that YouTube had "48-hour advance notice before the live broadcasts," but he does not allege that notice was served upon any of the individuals or entities who were responsible for the direct infringement (i.e., the YouTube users who uploaded Kifle's live broadcasts without his permission). See Fourth Am. Compl. ¶ 23; see also Third Am. Compl. ¶ 13.9.

### b.   Leave to Amend

Federal Rule of Civil Procedure 15 freely permits amendments to pleadings in order to "facilitate decision on the merits, rather than on the pleadings or technicalities." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Courts apply this policy with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). This rule favoring liberality is even more important for a pro se litigant. Noll, 809 F.2d at 1448.

Kifle failed to plead that he complied with § 411 in registering his copyrights or giving advance notice to the direct infringers. The Court noted these defects in its previous order. MTD Order at 8–9. Kifle still fails to make the necessary allegations. Indeed, Kifle states that he could not give advance notice to the direct infringers because YouTube refused to provide him with their contact information, and he did not otherwise possess it. See Kifle Decl. (dkt. 73-2) ¶ 11. Because Kifle cannot contact the direct infringers, he is unable to satisfy § 411(c), and leave to amend would be futile. Cook, Perkiss & Liehe, 911 F.2d at 246–47.

### B.   Trademark Claim

Previously, the Court found that Kifle had plausibly alleged that his two marks, "Mereja TV" and "ነጭ ነጫን ከዘመዴ ጋር," whose trademark had yet to be registered, are protectable because they have acquired a "secondary meaning." See MTD Order at 11-13; Fourth Am. Compl. ¶¶ 28-34. However, since then, the PTO has refused to register "Mereja TV" as a standard character word mark

7

1 because it found that the mark was "merely descriptive." See Ex. A. In analyzing whether a mark is
2 descriptive or suggestive, "[d]eference to the PTO's classification decision is sensible because the
3 PTO has special expertise that we lack on this fact-intensive issue." Lahoti v. VeriCheck, Inc., 586
4 F.3d 1190, 1199 (9th Cir. 2009). In light of the PTO's decision, the Court concludes that Kifle has
5 no longer plausibly alleged that "Mereja TV" is a protected mark. See Herbal Chef, LLC v. AFG
6 Distribution, Inc., 2020 WL 3064439, at *4 (C.D. Cal. Mar. 10, 2020), aff'd, 840 F. App'x 223 (9th
7 Cir. 2021) (considering and deferring to the PTO's conclusion). The rest of the analysis will focus
8 only on alleged infringement of the "ነፃው ነጭን ከዘመዱ ጋር" mark. See Mot. at 5.

In its last order, the Court found that Kifle failed to plausibly allege that YouTube was liable for contributory infringement. See MTD Order at 13-15. The Court held that the notices that Kifle sent to YouTube failed to support an inference that YouTube continued to provide its services to accounts that it knew or had reason to know were engaging in trademark infringement. Id. at 14. Yet the complaint and the attached cease-and-desist letter still do not quite allege (1) that YouTube knew, or had reason to know, that these specific users were actually infringing Kifle's trademark; or (2) that YouTube continued to provide service to those specific users. Thus, the trademark claim is dismissed with leave to amend to remedy these two remaining deficiencies.

### 1. Applicable Law

To prevail on a direct trademark infringement claim, a plaintiff must show that "(1) it has a valid, protectable trademark," and (2) the defendant's "use of the mark is likely to cause confusion." Applied Info. Sciences Corp. v. eBAY, Inc., 511 F.3d 966, 969 (9th Cir. 2007). Trademark protection for pending and unregistered marks only exists if a plaintiff can demonstrate "inherent distinctiveness" or "secondary meaning." SV3, LLC v. GG Distribution, Inc., 2019 WL 1091337, at *4 (C.D. Cal. Jan. 18, 2019).

"To be liable for contributory trademark infringement, a defendant must have (1) intentionally induced the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." Perfect 10, 494 F.3d at 807 (citing Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844 855 (1982)).

To state a claim under the second prong, a plaintiff must show that the defendant "continued to supply its services to one who it knew or had reason to know was engaging in trademark infringement." Louis Vuitton Malletier, S.A. v. Akanoc Sols, Inc., 658 F.3d 936, 942 (9th Cir. 2011). "[C]ontemporary knowledge of which particular listings are infringing or will infringe . . . is necessary." Spy Phone Labs LLC. v. Google Inc., 2016 WL 1089267, at *3 (N.D. Cal. Mar. 21, 2016) (quoting Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 107 (2d Cir. 2010)). A defendant must have "particularized knowledge" of the alleged infringement. YZ Prods., Inc. v. Redbubble, Inc., 2021 WL 2633552, at *6 (N.D. Cal. June 24, 2021) (quotation and citation omitted). For example, in Louis Vuitton, the defendant's web hosting business had "actual or constructive knowledge" that a website it hosted was infringing Louis Vuitton's trademark because Louis Vuitton had sent them "at least eighteen Notices of Infringement." 658 F.3d at 941, 943.

### 2. Application

The Court dismisses Kifle's contributory trademark infringement because Kifle still has not adequately alleged that YouTube had knowledge of the infringement of his trademark.

#### a. Knowledge of Infringement

Kifle has failed to plead a claim for infringement under the first prong. Kifle alleges no facts that plausibly suggest that YouTube "intentionally induced" infringement of the mark.

Although Kifle comes much closer, he also fails to plausibly allege a claim under the second prong. Kifle argues that YouTube failed to take action against accounts that use the mark without his permission. But Kifle's allegations are not quite specific enough to show that YouTube knew or had reason to know that which specific direct infringers were engaging in infringement. The Court previously found the advance notice provided to YouTube insufficient to establish that it had knowledge of the infringement:

> The notice . . . does not establish that Kifle has a protectible interest in either mark. Also, much of the notice is devoted to programs that Kifle planned to air in the future. But neither the notice nor the TAC suggest that any of the anticipated infringement ultimately took place. For the channels that allegedly previously aired Kifle's programs without his permission, Kifle does not adequately allege that YouTube continued to provide service to the channels, despite being aware that the channels were posting infringing content.

9

MTD Order at 14–15.

Kifle has remedied many of these deficiencies. See Ex. 2. First, the cease-and-desist letter more clearly asserts that Kifle had a protectible interest in the mark. Id. ("I have learned that you are inducing and allowing several YouTube users to upload videos that contain my protected trademarks, 'ነጭ ነጯን ከዘመዴ ጋር' (Amharic language) and 'Mereja TV'"). Second, the cease-and-desist letter more specifically notifies YouTube which users allegedly infringed. Id. ("Specific locations (URLs) of the infringed marks are found on the following Youtube channels . . .").

However, Kifle still does not sufficiently allege (1) that YouTube had knowledge, or reason to know, that these specific users were in fact infringing the trademark; and (2) that YouTube continued to provide service to those specific users. First, while Kifle's most recent notice to YouTube was more detailed, it still did not clearly indicate to YouTube that the links contained the protected mark. For example, there are no screenshots or timestamps that indicate to YouTube that the links contained the trademark. Without more specificity, the Court cannot impute to YouTube the necessary "particularized knowledge" of the infringement. See YZ Prods., 2021 WL 2633552, at *6. Second, Kifle must specifically allege in his complaint that YouTube continued to provide service to those specific channels he flagged in his most recent letter, and he should include a date and perhaps a screenshot.[3]

b.  **Leave to Amend**

As previously stated, a pro se complaint is held to a less stringent standard than a pleading drafted by a lawyer. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Kifle has cured many of the deficiencies of his past complaints. He has adequately alleged that he told YouTube that he had a protectable mark and that it was being infringed. See Ex. 1 & 2. If Kifle can provide that the links he sent to YouTube contained the protectable "ነጭ ነጯን ከዘመዴ ጋር" mark and that YouTube

---

[3] The Court also recommends that Kifle clearly identify in his complaint which videos and channels are past alleged infringers (as to which he may not have provided YouTube sufficient particularized knowledge) and which alleged infringers he notified YouTube of most recently. Kifle inadequately pleaded that YouTube had knowledge of past infringement, and YouTube appears to no longer be servicing many of those older videos. Consequently, Kifle must clearly allege (1) that YouTube continued to provide service to specific recent infringers despite (2) YouTube having reason to know that those specific users were infringing Kifle's mark.

10

continued to service those channels, then he can sufficiently allege that YouTube "continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." Perfect 10, 494 F.3d at 807. Thus, the contributory trademark infringement claim is dismissed with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss Kifle's copyright and trademark infringement claims, but grants Kifle leave to amend his trademark claim. He may file an amended complaint within 30 days of this order.

**IT IS SO ORDERED.**

Dated: February 3, 2022



CHARLES R. BREYER
United States District Judge