ELI RICHLIN (*pro hac vice*)
erichlin@wsgr.com
JASON B. MOLLICK (*pro hac vice*)
jmollick@wsgr.com
BENJAMIN D. MARGO (*pro hac vice*)
bmargo@wsgr.com
WILSON SONSINI GOODRICH
& ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-5800
Telephone: (212) 999-2000
Facsimile: (212) 999-5801

LAUREN GALLO WHITE (SBN 309075)
lwhite@wsgr.com
WILSON SONSINI GOODRICH
& ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099

*Attorneys for Defendant*
YOUTUBE, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELIAS KIFLE,<br><br>             Plaintiff,<br><br>     v.<br><br>YOUTUBE, LLC, et al.,<br><br>             Defendants. | CASE NO.: 3:21-cv-01752-CRB<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT YOUTUBE, LLC TO DISMISS PLAINTIFF'S FIFTH AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: May 13, 2022<br>Time: 10 a.m.<br>Dept.: Courtroom 6, 17th Floor<br>Before: Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

Page(s)

NOTICE OF MOTION AND MOTION ..................................................................................... 1

STATEMENT OF REQUESTED RELIEF ................................................................................. 1

STATEMENT OF ISSUES TO BE DECIDED........................................................................... 1

INTRODUCTION ......................................................................................................................... 1

SUMMARY OF ARGUMENT .................................................................................................... 2

BACKGROUND ........................................................................................................................... 3

LEGAL STANDARD ................................................................................................................... 7

ARGUMENT ................................................................................................................................. 7

    I.    Plaintiff Again Fails to State a Claim for Trademark Infringement........................... 8

        A.  Plaintiff Makes No Plausible Allegations of Contributory Infringement ........... 8

        B.  Plaintiff's Additional Theories Are Frivolous and Should Again Be Disregarded .......................................................................................................... 10

    II.   Plaintiff No Longer Alleges Facts to Show that the Zemede Mark Is Protectable ................................................................................................................ 12

    III.  Inviting a Sixth Amended Complaint Would Be Futile .......................................... 13

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................... 7

*Barker v. Avila*,
    2010 U.S. Dist. LEXIS 91161 (E.D. Cal. Aug. 11, 2010) ................................................. 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................... 7

*Bentley v. NBC Universal, LLC*,
    2016 U.S. Dist. LEXIS 191368 (C.D. Cal. Sept. 28, 2016) ......................................... 10, 11

*City of Los Angeles v. San Pedro Boat Works*,
    635 F.3d 440 (9th Cir. 2011) ............................................................................................... 7

*Daniels v. Alphabet Inc.*,
    2021 U.S. Dist. LEXIS 127544 (N.D. Cal. July 8, 2021) ................................................. 11

*Free Kick Master LLC v. Apple Inc.*,
    140 F. Supp. 3d 975 (N.D. Cal. 2015) ................................................................................ 8

*GoDigital Media Grp., LLC v. Godigital Inc.*,
    2018 U.S. Dist. LEXIS 221215 (C.D. Cal. Sept. 5, 2018) ................................................ 10

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ............................................................................................. 7

*Leadsinger, Inc. v. BMG Music Publ'g*,
    512 F.3d 522 (9th Cir. 2008) ......................................................................................... 3, 13

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ............................................................................... 2, 4, 8, 10

*Ripple Labs Inc. v. YouTube LLC*,
    2020 U.S. Dist. LEXIS 218207 (N.D. Cal. Nov. 20, 2020) ............................................... 8

*Solorio v. Loback*,
    2019 U.S. Dist. LEXIS 23718 (Feb. 13, 2019) ............................................................. 3, 13

*Spy Phone Labs LLC v. Google Inc.*,
    2016 U.S. Dist. LEXIS 36444 (N.D. Cal. Mar. 21, 2016) ................................................. 8

*Wal-Mart Stores v. Samara Bros.*,
    529 U.S. 205 (2000) ............................................................................................................. 10

*Webpass Inc. v. Banth*,
    2014 U.S. Dist. LEXIS 175102 (N.D. Cal. Dec. 18, 2014) .............................................. 11

*Yamauchi v. Cotterman*,
    84 F. Supp. 3d 993 (N.D. Cal. 2015) ................................................................................... 7

*YZ Prods. v. Redbubble, Inc.*,
    545 F. Supp. 3d 756 (N.D. Cal. 2021) ............................................................................ 2, 8

**STATUTES**

15 U.S.C. § 1114 ........................................................................................................................ 3, 10

15 U.S.C. § 1125 ............................................................................................................................ 11

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1, 7

Fed. R. Civ. P. 12(f) ....................................................................................................................... 11

**MISCELLANEOUS**

5 McCarthy on Trademarks and Unfair Competition § 27:49 (5th ed.) ........................................ 11

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on May 13, 2022 at 10 a.m. in Courtroom 6, 17th Floor, 450 Golden Gate Ave., San Francisco, CA, 94102, Defendant YouTube, LLC ("YouTube") will, and hereby does, move this Court pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing with prejudice Plaintiff Elias Kifle's Fifth Amended Complaint (Dkt. 82) ("5AC"). The motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; the Declaration of Jason Mollick; the Proposed Order filed concurrently herewith; the pleadings, records, and papers on file in this action; and any other matters properly before the Court.

## STATEMENT OF REQUESTED RELIEF

YouTube requests that the Court dismiss Plaintiff's Fifth Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether Plaintiff cured the deficiencies in his allegations of trademark infringement that this Court identified in dismissing his Third and Fourth Amended Complaints.

2. Whether Plaintiff has adequately alleged that ነጭ ነጭን ከዘመዴ ጋር (the "Zemede Mark") is protectable, given the weakened allegations of secondary meaning in the Fifth Amended Complaint.

3. Whether dismissal should be with prejudice on grounds of futility.

## INTRODUCTION

Plaintiff has had six attempts to state a claim against YouTube and has twice attempted to obtain a Temporary Restraining Order. These efforts have all failed. What remains is a single claim for contributory trademark infringement of the unregistered Zemede Mark.

This Court spelled out in detail the facts Plaintiff would need to allege to state a proper claim. Specifically, Plaintiff should have provided new screenshots and timestamps to plead two necessary elements of his claim: (1) that YouTube had particularized knowledge of specific infringements of his mark (if true); and (2) that despite such particularized knowledge, YouTube allowed those specific infringements to continue. *See* Order Dismissing Fourth Am. Compl. ("4AC") (Dkt. 81) at 10. Plaintiff's 5AC provides nothing of the kind. Rather, it simply recycles his 4AC, offering the

same general allegations, the same stale screenshots, and the same stale exhibits that this Court has already twice deemed insufficient.

Simply stated, Plaintiff's remaining claim must be dismissed for the same reason as last time—and the time before. And because it is now abundantly clear that Plaintiff cannot or will not cure his pleadings, dismissal should be with prejudice.

## SUMMARY OF ARGUMENT

Plaintiff's case has been reduced to a trademark infringement claim regarding the title of an Amharic-language news show he claims to publish. Plaintiff alleged that title was copied in the captions of videos posted by the Doe Defendants on YouTube: ነጮ ነጯን ከዘመዴ ጋር. The claim fails for the same reasons it failed in the 4AC and the Third Amended Complaint ("3AC") before that. "The tests for contributory trademark infringement are . . . difficult to satisfy," and Plaintiff has not come close to doing so. *YZ Prods. v. Redbubble, Inc.*, 545 F. Supp. 3d 756, 764 (N.D. Cal. 2021) (cleaned up) (quoting *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 806 (9th Cir. 2007)).

The Court has now repeatedly articulated the relevant legal standard. To plead his claim, Plaintiff must plausibly allege that YouTube "(1) intentionally induced the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." Order Dismissing 4AC at 8; Order Dismissing 3AC at 14 (both quoting *Perfect 10*, 494 F.3d at 807).

Plaintiff does not (and could not) attempt to plead an "inducement" claim under the first prong. He still "alleges no facts that plausibly suggest that YouTube 'intentionally induced' infringement of the mark." Order Dismissing 4AC at 9; *see also* Order Dismissing 3AC at 14 (similar). Plaintiff instead attempts to rely on the second prong. But the 5AC comes no closer to satisfying the test. To state this claim, he must "sufficiently allege (1) that YouTube had knowledge, or reason to know, that . . . specific users were in fact infringing the trademark; and (2) that YouTube continued to provide service to those specific users." Order Dismissing 4AC at 10 (emphasis in original); *see also YZ Prods.*, 545 F. Supp. 3d at 766 (dismissing claim for contributory trademark infringement "because Plaintiff does not allege that Defendant had knowledge of specific acts of infringement").

Plaintiff falls short on these elements in the exact same way as last time. The notice attached to the 5AC is ***the same deficient infringement notice from October 2021*** that Plaintiff attached to the 4AC. *Compare* 5AC Ex. 1 *with* 4AC Ex. 2. The Court already held that (1) this notice "did not clearly indicate to YouTube that the links contained the protected mark," and (2) the 4AC did not "clearly allege . . . that YouTube continued to provide service to specific <u>recent</u> infringers" identified in that notice, much less "include a date and perhaps a screenshot" plausibly demonstrating as much. Order Dismissing 4AC at 10 & n.3 (emphasis in original); *see also* Order Dismissing 3AC at 14 ("Kifle's allegations are not specific enough to make this showing."). Plaintiff has added nothing since then.

The 5AC also repeats cursory references to frivolous trademark claims unrelated to Plaintiff's theory of the case that may safely be ignored. For example, Plaintiff has not pled trademark dilution here, most obviously because he makes no claim that the Zemede Mark is famous. Nor can he state a claim under a statute that applies only to "a registered mark." 15 U.S.C. § 1114(a)(1). Even the premise that "ነጭ ነጯን ከዘመዴ ጋር" is a protectable mark has not been adequately pled. As a descriptive mark it cannot be protectable without secondary meaning, but the 5AC's allegations of secondary meaning are far weaker than those in the 4AC. *Compare* 4AC ¶ 37 *with* 5AC ¶ 22; *also compare* 4AC ¶ 29 *with* 5AC ¶ 16.

The Court has given clear guidance that Plaintiff is unable or unwilling to follow. Plaintiff's repeated failure to plead viable trademark claims against YouTube—and his persistent inability to plead YouTube's requisite knowledge of specific infringements—calls for dismissal with prejudice. *See Solorio v. Loback*, 2019 U.S. Dist. LEXIS 23718, at *10 (Feb. 13, 2019) ("[B]ecause Solorio relies on the same inadequately pled set of facts to support this claim in his Second Amended Complaint, the Court finds that further amendment would be futile.") (Breyer, J.); *accord Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming dismissal without leave to amend on futility grounds).

## BACKGROUND

***Factual Background.*** Plaintiff allegedly owns a website and satellite television channel called Mereja TV, which broadcasts video news programming in the Amharic language for the

Ethiopian community. *See* 5AC ¶¶ 4, 19, 21. Until November 2020, Plaintiff also broadcast Mereja TV programming through his own YouTube channel. YouTube suspended Plaintiff's channel in November 2020 when he started featuring a host named Zemedkun Bekele, whom YouTube had previously suspended for promoting violence, hate speech, and harassment on the platform. *Id.* ¶¶ 7-8; *see also* MTD Order at 2 n.2; Zhu Decl. (Dkt. 46-2) ¶¶ 8-16. Plaintiff filed suit shortly thereafter.

Plaintiff allegedly owns rights in two word marks associated with his Amharic-language video news programming. One is the name of his channel, "Mereja TV," which translates as "Information TV." Margo Decl. in Support of Mot. to Dismiss 4AC ("Margo Decl.") Ex. A (Dkt. 76-2) at 4. The other is the name of a news show that was hosted by Zemedkun Bekele, "The Facts with Zemede," written in Amharic characters: ነጭን ነጩን ከዘመዬ ጋር.[1] This purported mark is referred to herein as "the Zemede Mark."

***Plaintiff's Earlier Complaints.*** Plaintiff's first complaint had no trademark claim. Instead it included a copyright infringement claim based on "several videos and artworks" allegedly "uploaded on YouTube.com" on a channel that no longer exists. *See* Compl. (Dkt 1) ¶ 71 (citing https://www.youtube.com/channel/UCrnTrB7tzLtqdWX2Uuhrg/). Plaintiff's first trademark infringement claim came in his First Amended Complaint, which alleged that YouTube users had infringed only one word mark—"Mereja TV"—which was then the subject of "a pending U.S. federal trademark application." 1AC (Dkt. 17-1) ¶ 42. Plaintiff first alleged the existence and ownership of the Zemede Mark in his Second Amended Complaint. 2AC (Dkt. 33) ¶ 13-5. Plaintiff has never alleged that he applied for trademark registration for the Zemede Mark.

Plaintiff carried his trademark claim forward in the 3AC (Dkt. 56-1), which this Court dismissed, holding that Plaintiff failed to plead that YouTube had "(1) intentionally induced the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." Order Dismissing 3AC at 14 (quoting *Perfect 10*, 494 F.3d at 807). "Kifle's theory [was] that YouTube failed to take action

---

[1] The Fifth Amended Complaint does not provide a translation of the word mark, though previous complaints translated it as "The Facts with Zemede" (4AC (Dkt. 73) ¶ 10).

YOUTUBE'S MOTION TO DISMISS                     -4-                     CASE NO.: 3:21-cv-01752-CRB
FIFTH AMENDED COMPLAINT

against accounts that use the marks without his permission," which required Plaintiff to state a claim under the second prong of the test for contributory trademark infringement. *Id.* Plaintiff failed to do so, because he "provide[d] no specific allegations." *Id.* Further, "[t]he notice that Kifle sent to YouTube also fails to support an inference that YouTube continued to provide service to accounts that it knew or had reason to know were engaging in trademark infringement," *id.* (cleaned up), because "neither the notice nor the [3AC] suggest that any of the anticipated infringement ultimately took place." *Id.* at 14-15.

***Plaintiff's Most Recent Complaint.*** Plaintiff's 4AC was substantially similar to the 3AC, as can be seen in the redline comparison between them. *See* Margo Decl. Ex. B (Dkt. 76-3). This Court dismissed the 4AC as well, including dismissal of Plaintiff's copyright claim with prejudice. Order Dismissing 4AC at 11. In dismissing the trademark claim for infringement of "Mereja TV," which Plaintiff had attempted to register, the Court deferred to the analysis in the United States Patent and Trademark Office's ("USPTO") decision to refuse registration. *See* Margo Decl. Ex. A. The Court "conclude[d] that Kifle has no longer plausibly alleged that 'Mereja TV' is a protected mark," meaning that no analysis of infringement was necessary to dismiss Plaintiff's claim as to "Mereja TV". Order Dismissing 4AC at 8.

The Court thus clarified that "[t]he rest of the analysis [in its Order] will focus only on alleged infringement of the 'ነጭ ነጪን ከዘመዱ ጋር' mark," which the Court also found lacking. *Id.* As to that mark (the Zemede Mark), the Court held again that Plaintiff's only potential claim was under the second prong of the test for contributory infringement. *Id.* at 9. That claim failed because "Kifle still does not sufficiently allege (1) that YouTube had knowledge, or reason to know, that these specific users" identified in an October 2021 takedown notice "were in fact infringing the trademark; and (2) that YouTube continued to provide service to those specific users." *Id.* at 10.

The Court explained in detail why the 4AC was not a sufficient improvement on the 3AC, and offered specific suggestions on how Plaintiff might remedy its deficiencies:

> ***First, while Kifle's most recent notice to YouTube was more detailed, it still did not clearly indicate to YouTube that the links contained the protected mark.*** For example, there are no screenshots or timestamps that indicate to YouTube that the links contained the trademark. Without more specificity, the Court cannot

> impute to YouTube the necessary "particularized knowledge" of the infringement. ***Second, Kifle must specifically allege in his complaint that YouTube continued to provide service to <u>those specific channels</u> he flagged in his most recent letter, and he should include a date and perhaps a screenshot***.

*Id.* (emphasis added) (citation omitted). The Court elaborated further, noting that since Plaintiff's October 2021 takedown notice was insufficient as a matter of law, Plaintiff needed to allege that YouTube continued hosting *recent* infringing content after receiving a *new*, improved takedown notice that met the requirements specified in the Order:

> The Court also recommends that Kifle clearly identify in his complaint which videos and channels are past alleged infringers (as to which he may not have provided YouTube sufficient particularized knowledge) and which alleged infringers he notified YouTube of most recently. ***Kifle inadequately pleaded that YouTube had knowledge of past infringement, and YouTube appears to no longer be servicing many of those older videos. Consequently, Kifle must clearly allege (1) that YouTube continued to provide service to specific <u>recent</u> infringers despite (2) YouTube having reason to know that those specific users were infringing Kifle's mark***.

*Id.* at 10 n.3 (emphasis added).

The Court dismissed Plaintiff's 4AC with leave to amend limited to "the contributory trademark infringement claim" pertaining to what it called "the protectable 'ነጭ ነጭዪን ከዘመዴ ጋር' mark." *Id.* at 10-11; *see also id.* at 8 (limiting analysis to the Zemede Mark on grounds that the Mereja TV mark was not protectable).

**Plaintiff's Current Complaint.** Plaintiff's 5AC omits the copyright claim, but is otherwise substantially similar to the 4AC. *See* Mollick Decl. Ex. A (redline comparison of 5AC to 4AC).[2] Notably, ***every exhibit and both declarations in the 5AC are reused from the 4AC.*** And, notwithstanding the Court's specific recommendations, Plaintiff added little to the 5AC beyond broad rhetoric. *See, e.g.*, 5AC ¶¶ 9-10. He alleges no more-specific instances of infringement, no

---

[2] Once again, despite the Court's requirement that amended complaints be filed with a redline comparison to the previous complaint, *see* General Standing Order for Civil and Criminal Cases Before Judge Charles R. Breyer § II.2, Plaintiff did not file one. Again, YouTube has provided a redline.

new trademark infringement notices, and no evidence that any infringement continued after YouTube was notified. The 5AC contains two new screenshots, but these are irrelevant. One is an undated screenshot of a video on the Mereja TV website, not YouTube. 5AC ¶ 16. The other is an undated screenshot of a search on YouTube's website for ነጭ ነጪን ከዘመዬ ጋር. *Id.* ¶ 22. No URLs are shown for the search results. *Id.* All other screenshots in the 5AC are repeated from the 4AC, and are undated. *See* 5AC ¶¶ 25-26 (same as 4AC ¶ 22), ¶ 27 (same as 4AC ¶ 40), ¶ 29 (same as 4AC ¶ 42). The 5AC also contains no list or chart of purported infringements except one reused from the 4AC, which refers to YouTube channels, not specific infringing videos—some of which have been taken down entirely. 5AC ¶ 32; *see also* 4AC ¶ 24 (same).

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed unless it "contain[s] sufficient factual matter, accepted as true," to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he court need not accept as true conclusory allegations, nor make unwarranted deductions or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008) (citation omitted).

"Dismissal without leave to amend is within the discretion of the trial court, and is appropriate where a court finds evidence of 'undue delay, bad faith, dilatory motive . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1019 (N.D. Cal. 2015) (citation omitted). "The Court's 'discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" *Id.* (quoting *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011)).

## ARGUMENT

Over the course of six complaints, the Court has narrowed this dispute to a contributory trademark claim based on a single descriptive word mark that Plaintiff has never attempted to register. Although the Court detailed what Plaintiff must do to adequately state such a claim if one

exists, Plaintiff has not—or cannot—do so. His trademark claim should once again be dismissed, this time with prejudice.

## I. Plaintiff Again Fails to State a Claim for Trademark Infringement

### A. Plaintiff Makes No Plausible Allegations of Contributory Infringement

Plaintiff has again failed to remedy the defects in his contributory trademark claim. He was required to plead that YouTube either "(1) intentionally induced the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Perfect 10*, 494 F.3d at 807. As to the first prong, his perfunctory claim that YouTube "induced Doe Defendants to directly infringe" (5AC ¶ 13) is as threadbare as it was last time. *See* Order Dismissing 4AC at 9 ("Kifle alleges no facts that plausibly suggest that YouTube 'intentionally induced' infringement of the mark."). The second prong, as this Court held previously, requires him to "sufficiently allege (1) that YouTube had knowledge, or reason to know, that . . . specific users were <u>in fact</u> infringing the trademark; and (2) that YouTube continued to provide service to those specific users." *Id.* at 10 (emphasis in original).[3]

Plaintiff fails to establish the first two elements for the same reason this Court found that he failed before. An effective notice of trademark infringement must contain specifics, including details about the trademark at issue and an assertion that the material at issue is infringing that mark. *See Ripple Labs Inc. v. YouTube LLC*, 2020 U.S. Dist. LEXIS 218207, at *7-10 (N.D. Cal. Nov. 20, 2020) ("Some contemporary knowledge of which particular listings are infringing or will infringe . . . is necessary.") (quoting *Spy Phone Labs*, 2016 U.S. Dist. LEXIS 36444, at *9). ***Yet Plaintiff recycles the same trademark infringement notice that this Court deemed insufficient in the 4AC.***

---

[3] In addition, because Plaintiff alleges that YouTube provides direct infringers with a "service rather than a product," he must also allege (3) that YouTube had "direct control and monitoring of the instrumentality used by a third party to infringe the plaintiff's mark." *Perfect 10*, 494 F.3d at 807 (cleaned up); *see also YZ Prods.*, 545 F. Supp. 3d at 765 (similar); *Spy Phone Labs LLC v. Google Inc.*, 2016 U.S. Dist. LEXIS 36444, at *8 n.52 (N.D. Cal. Mar. 21, 2016) (similar); *Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 982 (N.D. Cal. 2015) (similar). Plaintiff fails to do so. His only allegation about YouTube's control is conclusory (5AC ¶ 14 ("YouTube has full and direct control over Youtube.com.")), and he makes no allegations at all about YouTube's monitoring of infringing channels.

*Compare* 5AC Ex. 1 *with* 4AC Ex. 2. Just as before, the notice does "not clearly indicate to YouTube that the links contained the protected mark." Order Dismissing 4AC at 10. Nor does the 5AC "clearly allege . . . that YouTube continued to provide service to specific <u>recent</u> infringers" identified in the notice, much less "include a date and perhaps a screenshot" demonstrating as much. *Id.* at 10 n.3 (emphasis in original). The recycled October 2021 notice also does not "suggest that any of the anticipated infringement ultimately took place." *Id.* at 9 (quoting Order Dismissing 3AC at 14-15).

In its prior order, the Court indicated that a viable trademark claim should be based on new infringements, not old infringements that were the subject of the prior defective notice. Order Dismissing 4AC at 10 n.3. This is important because, as the Court noted, Plaintiff has consistently complained of stale infringements that YouTube has demonstrably taken down long ago. *See id.* ("Kifle inadequately pleaded that YouTube had knowledge of past infringement, and YouTube appears to no longer be servicing many of those older videos."). Despite this explicit direction, ***Plaintiff does not allege anything about new notices or new infringements in the 5AC.***

Plaintiff also fails to allege the second element: that YouTube continued hosting infringements after receiving adequate notice. This is a separate, independent basis for dismissal. The Court recommended that Plaintiff provide dated screenshots showing that the links in the notice continued to be live after YouTube was notified of them. Order Dismissing 4AC at 10. Plaintiff has not done so. Instead, Plaintiff simply repeats, word-for-word, the same false allegation from his 4AC: that "[t]o this day, the infringed contents" of the six URLs listed in his deficient cease and desist notice "remain on YouTube's website and YouTube continues to provide service to Doe Defendants' channels despite YouTube being made aware by Plaintiff's notices that the channels are posting infringing content." 5AC ¶ 24; *compare with* 4AC ¶ 39.

The Court has already rightly refused to rely on that false allegation. *See* Order Dismissing 4AC at 10 & n.3 (finding that the 4AC did not "specifically allege . . . that YouTube continued to provide service to <u>those specific channels</u> he flagged in his most recent letter," and that "YouTube appears to no longer be servicing many of those older videos"). Indeed, Plaintiff is unable to identify any video YouTube continues to host after receiving an adequate notice of infringement. Screenshots of the URLs taken the day after Plaintiff filed the 5AC show that three of the URLs

lead to a page that says "This account has been terminated for violating YouTube's Community Guidelines." Mollick Decl. ¶¶ 4-10 & Exs. B-G. The other three URLs lead to YouTube channels that do not contain Plaintiff's alleged mark, and look nothing like the old screenshots that Plaintiff recycled into his 5AC. *Id.*[4] Thus, as before, Plaintiff continues to advance false allegations as demonstrated by his own exhibit. *See* 5AC Ex. 1; *see also* 4AC Ex. 2 (same).

### B. Plaintiff's Additional Theories Are Frivolous and Should Again Be Disregarded

Plaintiff again makes cursory reference to frivolous trademark theories that should be dismissed with prejudice. These allegations are so cursory and unsubstantiated that the Court has not even elected to consider them, and need not do so now.

***No Plausible Allegations of Vicarious Trademark Infringement.*** Plaintiff again makes a passing reference to YouTube being liable for "vicarious" trademark infringement (5AC ¶ 23; 4AC ¶ 38), a theory which "requires a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Perfect 10*, 494 F.3d at 807 (cleaned up). Plaintiff makes no allegations remotely supporting such a claim. *See GoDigital Media Grp., LLC v. Godigital Inc.*, 2018 U.S. Dist. LEXIS 221215, at *11 (C.D. Cal. Sept. 5, 2018) ("Plaintiff is required to allege more detailed facts demonstrating the nature of the partnership . . . to survive 12(b)(6) dismissal.").

***No Plausible Claim Under 15 U.S.C. § 1114.*** Plaintiff also again makes passing reference to trademark infringement in violation of 15 U.S.C. § 1114 (5AC ¶ 38; 4AC ¶ 69), which applies only to infringement of "a registered mark," 15 U.S.C. § 1114(a)(1); *see also, e.g.*, *Wal-Mart Stores v. Samara Bros.*, 529 U.S. 205, 209 (2000); *Bentley v. NBC Universal, LLC*, 2016 U.S. Dist. LEXIS 191368, at *6 (C.D. Cal. Sept. 28, 2016). But it is undisputed that Plaintiff's application to register "Mereja TV" was rejected by the USPTO, and he has never attempted to register the Zemede Mark.

---

[4] The October 2021 notice appears to list seven URLs, but one is a duplicate. 5AC Ex. 1; 4AC Ex. 2 (same).

***No Plausible Allegation of Trademark Dilution.*** Plaintiff also repeats a cursory claim of "trademark dilution in violation of 15 U.S.C. § 1125(c)" (5AC ¶ 38; 4AC ¶ 69), but he does not even attempt to make the required allegation that his Amharic-language mark is famous—that is, "widely recognized by the general consuming public of the United States." 15 U.S.C. § 1125(c); *see also, e.g.*, *Bentley*, 2016 U.S. Dist. LEXIS 191368, at *10 ("recognition in a niche market or among a limited segment of individuals does not satisfy" the fame requirement).

***No Plausible Allegation of False Designation of Origin.*** Plaintiff adds one new conclusory reference to an irrelevant trademark theory: false designation of origin. *See* 5AC ¶ 37 ("The unauthorized use of Plaintiff's protected marks by Doe Defendants falsely suggests that the videos they are uploading Youtube.com have been produced by Plaintiff, in violation of 15 U.S.C. § 1125(a) (false designation of origin)."). But this is just another label for Plaintiff's meritless claim for infringement of an unregistered mark under Section 1125. Plaintiff does not claim false designation of geographic origin (and alleges no facts relevant to such a theory). Rather, he is claiming false designation of "commercial (trademark identifying) origin," which is just another way of saying his unregistered trademarks were infringed. 5 McCarthy on Trademarks and Unfair Competition § 27:49 (5th ed.). "Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical." *Webpass Inc. v. Banth*, 2014 U.S. Dist. LEXIS 175102, at *7 (N.D. Cal. Dec. 18, 2014). Because the trademark infringement claim fails, so does any claim for false designation of origin. *See id.* (dismissing combined claim asserting unfair competition, false advertising, and false designation of origin under 15 U.S.C. § 1125(a)).

***No Claim Based on the "Mereja TV" Mark.*** Finally, Plaintiff once again invokes his trademark claim with respect to Mereja TV (*e.g.*, 5AC ¶ 21 & Prayer ¶ B), despite the Court's clear holding that he has not alleged that it is a protectable mark. Order Dismissing 4AC at 7-8. These allegations exceed the scope of this Court's limited grant of leave to amend, and should be struck from the pleading as "immaterial." Fed. R. Civ. P. 12(f).[5] But even if the Court were inclined to

---

[5] To make the appellate record clear, the Court should strike Plaintiff's allegations of infringement of his alleged Mereja TV mark, for which no leave to amend was granted. *Accord Daniels v. Alphabet Inc.*, 2021 U.S. Dist. LEXIS 127544, at *9 (N.D. Cal. July 8, 2021) (striking

consider the "Mereja TV" claim once again, there are no new allegations to consider. Plaintiff does not amend his allegations regarding the secondary meaning of Mereja TV (5AC ¶ 21; 4AC ¶ 36), and the USPTO has not changed its refusal to register Mereja TV as a protectable mark. *See* Margo Decl. Ex. A at 5 ("In addition to being merely descriptive, the applied-for mark appears to be generic in connection with the identified goods and/or services."). In addition, Plaintiff has not overcome the deficiencies of his prior complaint with respect to Mereja TV any more than he has with respect to the Zemede Mark. His decision to resubmit the October 2021 trademark notice and to reuse old screenshots of alleged infringements alone dooms both claims.

## II. Plaintiff No Longer Alleges Facts to Show that the Zemede Mark Is Protectable

The 5AC omits key allegations from the 4AC, eroding the basis for the Court's prior determination that the Zemede Mark is protectable. This Court previously concluded that the Zemede Mark is protectable by relying on two allegations in the 4AC: (1) that the mark "distinctly identif[ies] only Plaintiff's television program that is live-broadcast at least 4 times per week," and (2) that a "Google search for the keywords 'ነጮ ነጫን ከዘመዴ ጋር' returns 32,500 results, 100 percent of which are Plaintiff's works." Order Dismissing 4AC at 3-4 (quoting 4AC ¶ 37).

Curiously, despite that the 5AC recycles much of the 4AC, neither of these facts appear in the 5AC. *Compare* 4AC ¶ 37 *with* 5AC ¶ 22; *also compare* 4AC ¶ 29 *with* 5AC ¶ 16 (viewable in redline at Mollick Decl. Ex. A at 11, 13). Plaintiff now omits any allegation as to the frequency of the program (5AC ¶¶ 16, 22).[6] And, Plaintiff no longer alleges in the 5AC that a search of the Zemede Mark returned "32,500 results" (4AC ¶ 37), but merely provides a partial screenshot of a search that apparently returned "about 757 results," of which only four results are shown (5AC ¶ 22).[7]

---

from amended complaint all claims for relief for which leave to amend was not granted); *Barker v. Avila*, 2010 U.S. Dist. LEXIS 91161, at *3, *6 (E.D. Cal. Aug. 11, 2010) (similar).

[6] This does not appear to be a coincidence: the main video page of the Mereja TV website suggests that "The Facts with Zemede" has not been broadcast recently. *See* Mollick Decl. ¶¶ 10-11 & Exs. H & I (screenshot of https://mereja.com/tv/).

[7] The number 757 is offered only as a contrast with Plaintiff's previous allegation of 32,500. Plaintiff alleges nothing to plausibly suggest that there are actually 757 unique websites displaying

These omissions fundamentally erode the basis for the Court's prior determination. The only purported trademark alleged in the operative 5AC is one that Plaintiff has never attempted to register, and that Plaintiff supports with only a cursory allegation that he has used it "since November 2019." 5AC ¶ 16. Plaintiff provides no allegation as to how widespread its use was, nor any indication that a substantial number of search results associate the mark with Plaintiff's television show—nothing to suggest that the Zemede Mark has achieved acquired distinctiveness. In short, Plaintiff has failed to allege that the Zemede Mark is protectable, and the Court may independently dismiss the case on that ground as well.

### III. Inviting a Sixth Amended Complaint Would Be Futile

For at least the third time, "Kifle's current complaint fails to cure the deficiencies in the prior complaint." Order Dismissing 4AC at 1. This Court should deny Plaintiff yet another opportunity to amend in light of his "repeated failure to cure deficiencies by amendments previously allowed" and the evident "futility of amendment." *Solorio*, 2019 U.S. Dist. LEXIS 23718, at *4 (citation omitted); *accord Leadsinger*, 512 F.3d at 532. Cognizant of Plaintiff's *pro se* status, the Court has twice outlined how Plaintiff must allege his claims—if indeed he has any. *See* Order Dismissing 4AC at 10 & n.3; Order Dismissing 3AC at 14-15. The Court's directions were specific and clear, but Plaintiff has not even attempted to follow them. It is fair to infer that Plaintiff is unwilling or unable to do so and that inviting yet another amendment would be futile.

### CONCLUSION

Enough is enough. Even with the benefit of the Court's repeated guidance, Plaintiff cannot allege a case against YouTube. The 5AC adds nothing to the defective trademark claim asserted and rejected in both the 3AC and the 4AC. The Court should dismiss Plaintiff's final remaining claim with prejudice.

---

the exact searched-for phrase, much less the 32,500 he previously claimed. It is also implausible that Plaintiff sifted through tens of thousands of websites in order to confirm that each of them referred to his mark.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated: March 29, 2022 | WILSON SONSINI GOODRICH & ROSATI |
| | By: */s/ Jason B. Mollick* |
| | Jason B. Mollick |
| | *Attorneys for Defendant YouTube, LLC* |