ELI RICHLIN (*pro hac vice*)
erichlin@wsgr.com
JASON B. MOLLICK (*pro hac vice*)
jmollick@wsgr.com
BENJAMIN D. MARGO (*pro hac vice*)
bmargo@wsgr.com
WILSON SONSINI GOODRICH
  & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-5800
Telephone:  (212) 999-2000
Facsimile:  (212) 999-5801

LAUREN GALLO WHITE (SBN 309075)
lwhite@wsgr.com
WILSON SONSINI GOODRICH
  & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone:  (415) 947-2000
Facsimile:  (415) 947-2099

*Attorneys for Defendant*
YOUTUBE, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIAS KIFLE,<br><br>                Plaintiff,<br><br>        v.<br><br>YOUTUBE, LLC, et al.,<br><br>                Defendants. | CASE NO.: 3:21-cv-01752-CRB<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT YOUTUBE, LLC'S MOTION TO DISMISS PLAINTIFF'S FIFTH AMENDED COMPLAINT**<br><br>Date:    May 13, 2022<br>Time:   10 a.m.<br>Dept.:   Courtroom 6, 17th Floor<br>Before: Hon. Charles R. Breyer |

**<u>INTRODUCTION</u>**

Plaintiff's sole remaining claim for contributory trademark infringement should be dismissed. Plaintiff still has not and cannot allege "(1) that YouTube had knowledge, or reason to know, that . . . specific users were <u>in fact</u> infringing [his] trademark; and (2) that YouTube continued to provide service to those specific users." Order Dismissing 4AC (Dkt. 81) at 10 (emphasis in original). Plaintiff's decision to continue relying on a single "notice" of trademark infringement—a notice this Court already found to be insufficient to establish YouTube's knowledge (5AC Ex. 1 (Dkt. 82-1); 4AC Ex. 2 (Dkt. 73-1))—is fatal to his claim.

Plaintiff's Opposition adds nothing but breathless rhetoric. *See, e.g.*, Opp. (Dkt. 86) at 2. His claims that YouTube has "deliberate involvement in . . . theft" and "purposefully ignored" his trademark infringement notices are, once again, exceedingly vague and detached from any concrete allegations in the complaint. *Id.* The tone of Plaintiff's arguments has escalated, but the sufficiency of his allegations has not.

Plaintiff's brief is also notable for what it does not say. Plaintiff does not (and cannot) dispute that his 5AC contains no new relevant allegations, that it recycles an old and insufficient trademark infringement notice, and that it fails to cure any of the deficiencies the Court identified in dismissing his 4AC. *See* Order Dismissing 4AC at 10 & n.3; MTD 5AC (Dkt. 85) at 8-10. Plaintiff also does not dispute that the additional theories of liability mentioned in his 5AC are frivolous (*see* MTD 5AC at 10-11), or that he exceeded the scope of his leave to amend by again claiming infringement of "Mereja TV" (*see id.* at 11-12). He concedes by silence that the 5AC omits key allegations from the 4AC and does not plausibly allege that the Zemede Mark is protectable. *See id.* at 12-13.

Plaintiff has failed in each of his six opportunities to state a viable claim against YouTube. The Court should dismiss this case with prejudice.

**A. Plaintiff has not Alleged Contributory Trademark Infringement.**

Plaintiff's remaining claim is for contributory trademark infringement of the descriptive title of an Amharic-language news show: "ነጭ ነጭ ከዘመዴ ጋር" (the "Zemede Mark"). MTD 5AC at 5 (citing Order Dismissing 4AC at 8). The Court has dismissed this claim twice before, because Plaintiff has repeatedly failed to allege that YouTube "(1) intentionally induced the primary

infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." Order Dismissing 4AC at 8; Order Dismissing 3AC (Dkt. 71) at 14 (both quoting *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007)).

Plaintiff does not even attempt to plead or argue for an inducement theory. *See* Order Dismissing 4AC at 9; Order Dismissing 3AC at 14. He attempts to allege the second prong, but still falls short. The Court specifically instructed Plaintiff to support his claim with new alleged facts pointing to YouTube's knowledge of new infringements, rather than the old infringements Plaintiff recycled from the last two iterations of his complaint. *See* Order Dismissing 4AC at 10 n.3.

He has not done so. Instead, Plaintiff's 5AC relies on the same cease-and-desist notice the Court already rejected. Opp. at 2; *compare* 5AC Ex. 1 (Dkt. 82-1) *with* 4AC Ex. 2 (Dkt. 73-1). Plaintiff's notice neither reveals information about Plaintiff's ownership of any protectable marks nor identifies actual infringing videos bearing the Zemede Mark. Plaintiff again argues that his trademark infringement notice was "valid," and that "YouTube was given specific information about the infringements that were taken [sic] place on its platform." Opp. at 1-2. But again, the Court already held that this is not the case, and the 5AC offers nothing to change that ruling.

The 5AC also fails to allege any new facts suggesting that "YouTube continued to provide service to <u>those specific channels</u> he flagged in his most recent letter" such as by including "a date and perhaps a screenshot." Order Dismissing 4AC at 10 (emphasis in original). Plaintiff argues that "YouTube has chosen to ignore the information and refused to remove the infringing content" (Opp. at 2); but that argument, as before, is belied by the notice itself. The notice points to the same six[1] YouTube channel URLs that the Court already examined in dismissing the 4AC. And Plaintiff does not dispute that screenshots of each channel page show that YouTube disabled three of them, and that the other three contain no infringing material. *See* Decl. of J. Mollick ISO YouTube's MTD

---

[1] The notice includes six links, but Plaintiff has consistently duplicated the one ending in "-GwegKw", making it appear to be a list of seven. *See* Decl. of B. Margo ISO YouTube's MTD 4AC (Dkt. 76-1) at 1 (analyzing the same notice Plaintiff included as Exhibit 2 to the 4AC and Exhibit 1 to the 5AC); *see also* Opp. at 3-4.

1  5AC ("Mollick Decl.") (Dkt. 85-1); *id.* Exs. B (Dkt. 85-3) (channel terminated), C (Dkt. 85-4)

2  (same), D (Dkt. 85-5) (same), E (Dkt. 85-6) (no infringing material), F (Dkt. 85-7) (same), and G

3  (Dkt. 85-8) (same).

4        Plaintiff points to a brand new link in his opposition brief that supposedly contains infringing

5  material, but that does not save his claim. Opp. at 4. Plaintiff does not suggest that YouTube received

6  notice of specific infringements on that linked channel, nor any explanation of what those

7  infringements are. In any event, this URL is not alleged in the 5AC, and Plaintiff may not introduce

8  new, unpleaded facts through his opposition. *See, e.g.*, *Schneider v. Cal. Dep't of Corr.*, 151 F.3d

9  1194, 1197 n. 1 (9th Cir. 1998); *Solis v. City of Sunnyvale*, 2020 U.S. Dist. LEXIS 235825, at *20-

10  21 (N.D. Cal. Dec. 14, 2020).

11        Nor does Plaintiff help himself by arguing that YouTube "deliberately ignored" his

12  trademark infringement notices and waited "several months" to remove allegedly infringing videos.

13  Opp. at 2-4. Even if Plaintiff had provided a sufficient takedown notice (which he did not), he has

14  alleged nothing to suggest that YouTube "deliberately ignored" it. Plaintiff also does not identify

15  any videos that YouTube purportedly waited "several months" to remove. To the contrary, the Court

16  already observed several months ago that the links Plaintiff cited did not contain any infringing

17  material at that time. Order Dismissing 4AC at 10. In sum, despite the Court's request for more

18  specific factual allegations, Plaintiff offers nothing other than the same vague, unsubstantiated

19  allegations that have already been rejected multiple times.

20     **B. Plaintiff's Other Trademark Theories Remain Unexplained and may be Disregarded.**

21        The Court again need not consider Plaintiff's cursory references to other trademark theories.

22  *See* MTD 5AC at 10. Plaintiff does not dispute the point. He still has nothing to say about references

23  to vicarious trademark infringement, infringement of a "registered mark" under 15 U.S.C.

24  § 1114(a)(1), or false designation of origin. These theories should be disregarded.

25        Plaintiff appears to defend his threadbare claim of trademark dilution (5AC ¶¶ 38, 41) by

26  arguing that his "marks are not limited to a niche market" (Opp. at 3). As supposed evidence of

27  fame, he cites the "over 5 million followers" of two "Mereja TV" Facebook pages. Opp. at 3 & n.1.

28  Even if true, and even if Plaintiff had alleged that fact in his 5AC (which he did not), this does not

remotely suggest that the Zemede Mark is "widely recognized by the general consuming public of the United States." 15 U.S.C. § 1125(c)(2)(A); *see also Blumenthal Distrib., Inc. v. Herman Miller, Inc.*, 963 F.3d 859, 870 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1514 (2021) (trademark dilution law protects only marks that are household names).[2] In citing "Mereja TV"-related Facebook pages, Plaintiff conflates "Mereja TV" with the Zemede Mark in an apparent effort to make the latter seem more well-known. *See* Opp. at 3. But only the Zemede Mark is at issue here, as the Court has already "conclude[d] that Kifle no longer plausibly alleged that 'Mereja TV' is a protected mark." Order Dismissing 4AC at 8.

### C. Plaintiff Concedes that the 5AC does not Adequately Allege that the Zemede Mark is Protectable.

The 5AC also fails to state a claim because it omits allegations from the 4AC that the Court relied upon for its determination that Plaintiff alleged that the Zemede Mark is protectable. *See* MTD 5AC at 12-13. The 5AC omits any allegations of widespread use of "ነጭ ነጪን ከ�|ዘመዱ ጋር" that might support a plausible inference that this unregistered, descriptive phrase has attained secondary meaning in the United States. Plaintiff does not dispute any of this in his Opposition. To the contrary, although the Court relied on his previous allegation of ongoing, frequent broadcasts to conclude that the mark had acquired distinctiveness (Order Dismissing 4A at 3-4), Plaintiff now concedes in his Opposition that he no longer broadcasts the show called "ነጭ ነጪን ከ|ዘመዱ ጋር" "at least 4 times per week," 4AC ¶ 37, and that it is broadcast "only one day per week," *see* Opp. at 5. Plaintiff's trademark claim fails on this ground as well.

---

[2] While Plaintiff claims that his Facebook page has millions of followers, he does not specify whether those followers are located in the United States, which is the relevant metric for evaluating a dilution claim. *See Bentley v. NBC Universal, LLC*, 2016 U.S. Dist. LEXIS 191368, at *10 (C.D. Cal. Sept. 28, 2016). Plaintiff's assertion also does not suggest that millions of Americans watch his "Mereja TV" channel, much less that they attribute secondary meaning to the Amharic-language Zemede Mark. In fact, U.S. Census Bureau data indicates that fewer than 200,000 people speak Amharic at home in the United States. *See* U.S. Census Bureau (October 2015), Detailed Languages Spoken at Home and Ability to Speak English for the Population 5 Years and Over: 2009-2013, *retrieved from* https://www.census.gov/data/tables/2013/demo/2009-2013-lang-tables.html.

**D. Plaintiff's Allegations as to "Mereja TV" Should be Struck from the 5AC.**

The Court already held that Plaintiff has not alleged that "Mereja TV" is a protectable mark, which Plaintiff does not dispute in his Opposition. *See* MTD 5AC at 11-12 (citing Order Dismissing 4AC at 7-8). Because no leave to amend was granted as to that mark, Plaintiff's allegations of infringement of the "Mereja TV" mark should be struck from the 5AC as "immaterial" for the sake of a clear appellate record. Fed. R. Civ. P. 12(f); *see also* MTD 5AC at 11 & n.5.

**E. Dismissal Should be with Prejudice.**

Dismissal with prejudice is proper and consistent with how courts in this District address plaintiffs who cannot state a claim despite several opportunities to do so. *See, e.g.*, *Solorio v. Loback*, 2019 U.S. Dist. LEXIS 23718, at *8-10 (N.D. Cal. Feb. 13, 2019) (Breyer, J.). Plaintiff's status as a *pro se* litigant should no longer serve as a shield given his repeated refusal to follow the Court's clear instructions and allege sufficient facts. *See Dios La Iglesia de Laities de Sacred Holy Sacramento v. City of Sacramento*, 1994 U.S. App. LEXIS 4456, at *6 (9th Cir. 1994) (affirming dismissal where *pro se* litigant "failed, despite specific instructions and numerous opportunities to amend, to allege facts sufficient to withstand defendants' final motion to dismiss."); *Carter v. Commissioner*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, he is expected to abide by the rules of the court in which he litigates.").

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

Plaintiff has repeatedly and consistently demonstrated that amendment will not improve his claims. Any additional opportunity to amend would be futile. Dismissal of Plaintiff's sole remaining claim should be with prejudice.

Respectfully submitted,

Dated: May 5, 2022            WILSON SONSINI GOODRICH & ROSATI
                             Professional Corporation

                                  By: */s/ Lauren Gallo White*
                                  Lauren Gallo White

                             *Attorneys for Defendant*
                             YOUTUBE, LLC