IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS KIFLE,<br><br>    Plaintiff,<br><br>    v.<br><br>YOUTUBE LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-01752-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |

    Pro se Plaintiff Elias Kifle is suing Defendants YouTube and Does 1–19 for contributory trademark infringement. Fifth Am. Compl. (5AC) (dkt. 82-1). Kifle alleges that YouTube knowingly continued service to users who infringed Kifle's trademark. Id. ¶ 7. The Court dismissed Kifle's last complaint with leave to amend this claim. See Order Dismissing 4AC (dkt. 81). Because Kifle fails to cure the deficiencies previously noted, the Court GRANTS the motion with prejudice.

**I.  BACKGROUND**

    Kifle alleges that YouTube contributed to trademark infringement of two protectable marks in his videos. 5AC ¶ 7. Kifle alleges that he "exclusively owns the trademarks 'Mereja TV' and 'ነጭ ነጪን ከዘመዱጋር,'" which are "clearly displayed on all his works and throughout his website, Mereja.tv" and "are distinctive marks that identify [his] website, television channel, and videos." Id. ¶¶ 11, 16. Since November 2020, Kifle alleges that YouTube users have directly infringed "at least 300 of Plaintiff's works and protected marks that have been copied from his website, Mereja.tv, and displayed on YouTube.com without his permission." Id. ¶ 13. Kifle alleges that he sent YouTube repeated (and increasingly detailed) cease and desist notices regarding the trademarked

materials that other users were allegedly infringing. Id. ¶ 23. Yet Kifle asserts that his trademarked material remained on YouTube's platform. Id. ¶ 25.

Previously, the Court dismissed Kifle's contributory trademark claim as to his putative claim "Mereja TV" after deferring to the PTO's decision that it was "merely descriptive" and therefore not a protected mark. Order Dismissing 4AC at 8 (citing Lahoti v. VeriCheck, Inc., 586 F.3d 1190, 1199 (9th Cir. 2009)).[1] The Court then dismissed Kifle's contributory trademark claim as to his putative "'ነፃ ነጪን ከዘመዴጋር" trademark because Kifle did not sufficiently allege that YouTube had particularized knowledge of instances of direct infringement of that mark. The Court explained exactly what additional factual allegations Kifle had to include in his next complaint. The Court stated:

> Kifle still does not sufficiently allege (1) that YouTube had knowledge, or reason to know, that these specific users were in fact infringing the trademark; and (2) that YouTube continued to provide service to those specific users. First, while Kifle's most recent notice to YouTube was more detailed, it still did not clearly indicate to YouTube that the links contained the protected mark. For example, there are no screenshots or timestamps that indicate to YouTube that the links contained the trademark. Without more specificity, the Court cannot impute to YouTube the necessary "particularized knowledge" of the infringement. Second, Kifle must specifically allege in his complaint that YouTube continued to provide service to those specific channels he flagged in his most recent letter, and he should include a date and perhaps a screenshot.

Order Dismissing 4AC at 10 (citations omitted). The Court also emphasized that Kifle still alleged infringement in videos that YouTube had long ago removed, and explained that further amendments should identify YouTube's knowledge of, and inaction as to, new instances of infringement:

> The Court also recommends that Kifle clearly identify in his complaint which videos and channels are past alleged infringers (as to which he may not have provided YouTube sufficient particularized knowledge) and which alleged infringers he notified YouTube of most recently. Kifle inadequately pleaded that YouTube had knowledge of past infringement, and YouTube appears to no longer be servicing many of those older videos. Consequently, Kifle must clearly allege (1) that YouTube continued to provide service to

---

[1] No allegations in Kifle's newest complaint disturb the Court's prior conclusion on this issue.

2

1     specific recent infringers despite (2) YouTube having reason to know that those specific users were infringing Kifle's mark.

2  Id. at 10 n.3.

3     In his newest complaint, Kifle includes just two new screenshots. Id. ¶¶ 16, 22. One is an undated screenshot of a video on the Mereja TV website. Id. ¶ 16. The other is an undated screenshot of a search on YouTube's website for "ነጮ ነጭን ከዘመዴ ጋር." Id. ¶ 22. All other screenshots in the newest complaint are from prior complaints. Compare, e.g., 5AC ¶¶ 25-26, with 4AC ¶ 22; compare also 5AC ¶ 27, with 4AC ¶ 40.

## II. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies when a complaint lacks either "a cognizable legal theory" or "sufficient facts alleged" under such a theory. Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019). Whether a complaint contains sufficient factual allegations depends on whether it pleads enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. This is not a "probability requirement," but it requires more than a "sheer possibility" that the defendant is liable: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

Courts should allow a plaintiff leave to amend unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246–47 (9th Cir. 1990). To determine whether amendment would be futile, courts examine whether the complaint can be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

3

### III. DISCUSSION

To allege contributory trademark infringement, Kifle must plead that YouTube "continued to supply its services to one who it knew or had reason to know was engaging in trademark infringement." Louis Vuitton Malletier, S.A. v. Akanoc Sols, Inc., 658 F.3d 936, 942 (9th Cir. 2011). "[C]ontemporary knowledge of which particular listings are infringing or will infringe . . . is necessary." Spy Phone Labs LLC. v. Google Inc., 2016 WL 1089267, at *3 (N.D. Cal. Mar. 21, 2016) (quoting Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 107 (2d Cir. 2010)); see YZ Prods., Inc. v. Redbubble, Inc., 2021 WL 2633552, at *6 (N.D. Cal. June 24, 2021) (a contributory infringer must have "particularized knowledge" of the alleged direct infringement). For example, in Louis Vuitton, the defendant's web hosting business had "actual or constructive knowledge" that a website it hosted was infringing Louis Vuitton's trademark because Louis Vuitton had sent them "at least eighteen Notices of Infringement." 658 F.3d at 941, 943.

The Court previously held that Kifle's cease and desist letter to YouTube did not show that YouTube had particularized knowledge of any direct infringement. See Order Dismissing 4AC at 10. Although the letter provided links to specific videos, the letter did not clearly indicate to YouTube that the links contained the mark. Id. To impute "particularized knowledge" of the infringement, Kifle needed to communicate to YouTube that these specific links contained the mark through (for example) "screenshots or timestamps." Id. He then had to allege that those videos remained on the platform.

Kifle did not comply with these instructions. Kifle recycles old allegations as to infringement within videos that YouTube removed long ago and includes the same cease-and-desist notice that the Court already found insufficiently particularized. See 5AC Ex. 1. Kifle does not allege that he later sent YouTube another, more specific notice. Because Kifle does not adequately plead that he notified YouTube of any specific instance of direct infringement, the Court cannot impute "particularized knowledge" to YouTube. Thus, even if YouTube continued to provide service to one or more infringers, YouTube cannot

4

be held liable on a contributory infringement theory. See Louis Vuitton, 658 F.3d at 942.[2]

When a district court has already granted a plaintiff leave to amend their complaint, the court's "discretion in deciding subsequent motions to amend is particularly broad." Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002). The Court has provided Kifle with many chances to amend. In its last two orders, the Court included specific instructions on what facts to allege. Kifle's failure to allege these facts suggests that they do not exist, so the Court denies leave to amend. See Cook, 911 F.2d at 246–47.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss with prejudice.

**IT IS SO ORDERED.**

Dated: May 12, 2022

CHARLES R. BREYER
United States District Judge

---

[2] Kifle also includes allegations that sound in trademark dilution. See 5AC ¶ 38. This claim is beyond the scope of the Court's previous leave to amend, so the Court dismisses on that basis. See DeLeon v. Wells Fargo Bank, N.A., 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) (courts generally do not permit new claims when leave to amend was limited). Even if the Court considered this claim, it would fail because Kifle has not plausibly alleged that the mark is "famous and distinctive." See Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2008). Kifle also adds one new reference to a trademark theory: false designation of origin. See 5AC ¶ 37. Even if leave to amend permitted this claim, which it does not, the claim would fail for the same reasons as contributory infringement. Cf. Webpass Inc. v. Banth, 2014 WL 7206695 (N.D. Cal. Dec. 18, 2014).